UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Stephanie Rae Varao, | Case No.: 17-cv-02463-LAB-JLB |
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS** and **REPORT AND RECOMMENDATION FOR DISMISSAL OF THE COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |
| v. | |
| Nancy A. Berryhill, | |
| Defendant. | [ECF No. 2] |

Plaintiff Stephanie Rae Varao has filed a complaint against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. (ECF No. 1.) Plaintiff moves for leave to prosecute this action *in forma pauperis* ("IFP"). (ECF No. 2.)

**A.    Motion to Proceed IFP**

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay the requisite filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee, but only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

The Court has reviewed Plaintiff's affidavit of assets and concludes it sufficiently shows she is unable to pay the fees or post securities required to maintain this action. (*See* ECF No. 2.) Plaintiff attests she is unemployed and her only source of income is monthly

1

alimony payments of $1,782.00. Plaintiff estimates her monthly expenses to be $1,735.00. Plaintiff owns a 2011 automobile, which she values at $11,000.00. Plaintiff indicates that she has no money in a bank account or in any other financial institution. Plaintiff's legal representation in this action is on a contingency fee basis. Plaintiff's affidavit and statement of assets sufficiently shows that she lacks the requisite financial resources to pay the filing fee for this case. As such, the Court **GRANTS** Plaintiff's motion to proceed IFP (ECF No. 2).[1]

**B.     Report and Recommendation Regarding § 1915(e) Screening of the Complaint**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017) (same). Specifically, complaints in social security appeal cases are subject to the Court's § 1915(e) screening of IFP cases. *Hoagland v. Astrue*, No. 12cv973, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) (screening is required "even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *Carrillo v. Comm'r of Soc. Sec. Admin.*, No. 17cv1463-DMS-POR (S.D. Cal. Aug. 2, 2017) (ECF No. 4 at 2) (same); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim").

Here, the Court issues the following Report and Recommendation to the assigned district judge regarding its screening of the complaint pursuant to 28 U.S.C. § 1915(e). *See*

---

[1] The Court's decision on Plaintiff's motion to proceed IFP is suitable for action by the district judge in this case without the need for an objection period. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Consequently, we conclude that Minetti was not entitled to file written objections to the magistrate judge's recommendation that Minetti's application to proceed in forma pauperis be denied.").

*Williams v. King*, 875 F.3d 500, 502, 505 (9th Cir. 2017) (holding that, in screening a complaint pursuant to § 1915(e), a magistrate judge did not have jurisdiction to dismiss the complaint absent consent from all parties for jurisdiction to vest in a magistrate judge under 28 U.S.C. § 636(c)(1)).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security appeal may differ in some ways from other civil cases, it is also "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

With respect to social security appeals, several courts in the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that [s]he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 16cv454, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citations omitted).

Applying these requirements in the present case, Plaintiff's three-page complaint is insufficient with respect to requirements three and four stated above. Plaintiff appeals the Commissioner's decision denying her claim for disability benefits, stating the nature of her disability as follows: "Stephanie Rae Varao is, and at all times relevant to this action,

disabled as that term is defined in the Social Security Act." (ECF No. 1 at 2, ¶5.) Plaintiff fails to plead the nature of her disability and when she claims she became disabled.

In addition, Plaintiff fails to state any facts to support the boilerplate grounds for her appeal. As to each ground alleged, Plaintiff sets forth only threadbare and conclusory bases for her appeal that do not set forth the bases upon which the Commissioner denied her application and why she disagrees with the decision. (*Id*. at ¶9.) For example, she pleads as one ground merely that there is "[n]ew and material evidence for which good cause exists for failure to submit earlier exists and warrants a remand of this matter for further proceedings." (*Id*. at ¶9(b).) There are no facts pled to support this, or any other, ground. Therefore, the Court finds Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, and for the reasons stated above, the Court **RECOMMENDS** *sua sponte* dismissal of the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **IT IS HEREBY ORDERED** that any written objections to this recommendation must be filed with the Court and served on all parties **no later than January 2, 2018**. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 9, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: December 21, 2017

Hon. Jill L. Burkhardt
United States Magistrate Judge

4

17-cv-02463-LAB-JLB