UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Stephanie Rae Varao,<br><br>                       Plaintiff,<br><br>v.<br><br>Nancy A. Berryhill,<br><br>                       Defendant. | Case No.: 17-cv-02463-LAB-JLB<br><br>**REPORT AND RECOMMENDATION FOR DISMISSAL OF THE AMENDED COMPLAINT WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**<br><br>**[ECF Nos. 8, 9]** |

Plaintiff Stephanie Rae Varao filed a complaint against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, seeking judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. (ECF No. 1.) Plaintiff moved for leave to prosecute this action *in forma pauperis* ("IFP"), which the Court granted on December 21, 2017. (ECF Nos. 2, 5.) However, Plaintiff's complaint was dismissed pursuant to the mandatory screening required by 28 U.S.C. § 1915(e). (ECF Nos. 5, 8.) On January 12, 2018, Plaintiff filed an amended complaint. (ECF No. 9.) This Report and Recommendation screens the amended complaint as required by 28 U.S.C. § 1915(e) and pursuant to the dismissal order of the assigned district judge.[1] (ECF No. 8 at 2.)

/ / /

---

[1] Because the undersigned magistrate judge has determined dismissal of the amended complaint is appropriate, the Court issues its opinion as a Report and Recommendation to the assigned district judge. *See Williams v. King*, 875 F.3d 500, 502, 505 (9th Cir. 2017) (holding that, in screening a complaint pursuant to § 1915(e), a magistrate judge did not have jurisdiction to dismiss the complaint absent consent from all parties for jurisdiction to vest in a magistrate judge under 28 U.S.C. § 636(c)(1)).

1

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Glick v. Townsend*, 677 F. App'x 323, 324 (9th Cir. 2017) (same). Specifically, complaints in social security appeal cases are subject to the Court's § 1915(e) screening of IFP cases. *Hoagland v. Astrue*, No. 12cv973, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) (screening is required "even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits."); *Carrillo v. Comm'r of Soc. Sec. Admin.*, No. 17cv1463-DMS-POR (S.D. Cal. Aug. 2, 2017) (ECF No. 4 at 2) (same); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim").

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint in a social security appeal may differ in some ways from other civil cases, it is also "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2.

With respect to social security appeals, several courts in the Ninth Circuit have set forth the following basic requirements for complaints to survive the Court's § 1915(e) screening:

> First, the plaintiff must establish that [s]he has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must

> state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

*Montoya v. Colvin*, No. 16cv454, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citations omitted).

Applying these requirements in the present case, Plaintiff's amended complaint is deficient with respect to requirement four stated above. Plaintiff presents conclusory statements outlining her disagreements with the ALJ's determination, but for each of her disagreements, she does not plead facts showing she is entitled to relief. She pleads that the ALJ's determination relies on "flawed vocational testimony regarding Varao's ability to perform other work," but does not plead any facts in support of the conclusion that the vocational testimony was "flawed." (*See id*. at 9, ¶9(c).) Plaintiff also pleads that the ALJ "erred by improperly rejecting Varao's treating physician's opinion regarding Varao's residual functional capacity." (*Id*. at 10, ¶9(e).) However, Plaintiff does not plead any facts showing Plaintiff's basis for labeling the ALJ's rejection of her treating physician's opinion as "error," nor does Plaintiff even plead the content of her treating physician's opinion. Finally, Plaintiff includes some boilerplate allegations that likewise do not meet Rule 8's pleading requirements:

- "There is no substantial medical or vocational evidence in the record to support the legal conclusion of plaintiff is not disabled within the meaning of the Act;"
- "There is no substantial evidence in the record to support the Commissioner's finding that plaintiff could perform any substantial gainful activity;" and
- "The evidence in the record supports only the finding that plaintiff is disabled and has been continuously disabled as that term is defined in the Social Security Act at all times relevant to plaintiff's application."

(*Id*. at 10, ¶9(f)-(h).) In sum, there are no facts pled showing plaintiff's disagreements with the ALJ's determination could entitle her to relief.[2] (*Id*. at ¶9.) Therefore, the Court finds Plaintiff fails to state a claim upon which relief may be granted.

Accordingly, and for the reasons stated above, the Court **RECOMMENDS** *sua sponte* dismissal of the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **IT IS HEREBY ORDERED** that any written objections to this recommendation must be filed with the Court and served on all parties **no later than February 15, 2018**. The document should be captioned "Objections to Report and Recommendation." **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **February 22, 2018**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 31, 2018

_____
Hon. Jill L. Burkhardt
United States Magistrate Judge

---

[2] In Plaintiff's prior complaint, she pled that there is "[n]ew and material evidence for which good cause exists for failure to submit earlier exists [*sic*] and warrants a remand of this matter for further proceedings." (ECF No. 1 at 10, ¶9(b).) That allegation does not appear in the amended complaint.